# EXHIBIT 1

## Raymond J.Toney

| | |
|---|---|
| **From:** | "Goldsmith, David S Mr USARC G2/6" <David.S.Goldsmith@usar.army.mil> |
| **To:** | <rjtoney@rjtlaw.net> |
| **Cc:** | "Thomas, Robert L Mr USARC SJA" <Bob.Thomas3@usar.army.mil>; "McLean, Phyllis K Ms USARC G2/6" <Phyllis.McLean@usar.army.mil>; "Morales, Hector Mr USARC G2/6" <Hector.Morales1@usar.army.mil>; "Stewart, Andrew D Mr USARC SJA" <Andrew.Stewart1@usar.army.mil> |
| **Sent:** | Monday, May 08, 2006 2:25 PM |
| **Subject:** | FW: **FOUO** - FOIA 06-25 (Toney) - **FOUO** (UNCLASSIFIED) |

**Classification: UNCLASSIFIED**

**Caveats: NONE**

Once you have consulted with Mr. Stewart for clarification as to what records are proposed for release to you under regulations other than the Freedom of Information Act (FOIA) at no charge, please let us know whether you wish to abide by your request.  We have determined that the supporting documentation consists of fewer pages than was first believed; however, unless Mr. Lee were to pick up the release in person, we would have to add postage.  The parcel rate would add about $20.00 and first class $153.00. Should you wish to continue your request, the fact of entitlement to records pursuant to some other regulation would not affect your liability for payment for a release under the FOIA.  Due to the volume of responsive records (2751 pages to the report itself), the possibility that you will abandon this request, and the fact that we have much other work to do, we are suspending the processing of this request until we hear back from you.  For additional information or assistance, feel free to contact us at any time by e-mail response or at (404) 464-9359, and refer to FOIA case file 06-25.

---

**From:** Goldsmith, David S Mr USARC G2/6
**Sent:** Thursday, May 04, 2006 3:58 PM
**To:** 'rjtoney@rjtlaw.net'
**Cc:** Thomas, Robert L Mr USARC SJA; McLean, Phyllis K Ms USARC G2/6; Morales, Hector Mr USARC G2/6; Stewart, Andrew D Mr USARC SJA
**Subject:** FW: **FOUO** - FOIA 06-25 (Toney) - **FOUO** (UNCLASSIFIED)

**We recommend that you discuss the scope of the records to be furnished at no charge under regulations other than the FOIA with Mr. Stewart and notify us whether you prefer to withdraw your request for the Matthews report.  Please make certain that you are clear on the respective and overlapping content between the earlier and the Matthews reports.  For additional information or assistance, feel free to contact us at any time by e-mail response or at (404) 464-9359, and refer to FOIA case file 06-25.**

```
-----Original Message-----
From: Raymond J.Toney [mailto:rjtoney@rjtlaw.net]
Sent: Thursday, May 04, 2006 2:02 PM
To: Goldsmith, David S Mr USARC G2/6
Subject: Re: **FOUO** - FOIA 06-25 (Toney) - **FOUO** (UNCLASSIFIED)

Mr. Goldsmith,

Mr. Stewart has informed me that Mr. Lee is being provided with the
documents we requesting pertaining to the IR and G8
investigations/inquiries. Please confirm that those documents are being
prepared for delivery to Mr. Lee or have been delivered to Mr. Lee. My
recollection is that there are several thousand pages of documents.

Because the Army has agreed to provide the requested documents to Mr. Lee,
we propose to withdraw our consents to pay the cost for obtaining the
```

documents under FOIA/PA.

Respectfully,


Raymond J. Toney
The Law Office of Raymond J. Toney
34-16 30th Avenue, Third Floor
Astoria, NY 11103
Tel: 718-726-3656
Fax: 718-504-4735
www.rjtlaw.net


THE INFORMATION CONTAINED IN THIS EMAIL IS INTENDED ONLY FOR THE PERSONAL
AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE.  This message
may be an Attorney-Client communication, and as such is privileged and
confidential.  If the reader of this message is not the intended recipient,
you are hereby notified that you have received this communication in error,
and that any review, dissemination, distribution, or copying of the message
is strictly prohibited.  If you have received this transmission in error,
please destroy the transmission and notify us immediately by telephone
and/or reply e-mail.
----- Original Message -----
From: "Goldsmith, David S Mr USARC G2/6" <David.S.Goldsmith@usar.army.mil>
To: "Raymond J.Toney" <rjtoney@rjtlaw.net>
Sent: Thursday, May 04, 2006 6:55 AM
Subject: Read: Re: **FOUO** - FOIA 06-25 (Toney) - **FOUO** (UNCLASSIFIED)


Your message

   To:      Goldsmith, David S Mr USARC G2/6
   Cc:      wlee2630@bellsouth.net
   Subject: Re: **FOUO** - FOIA 06-25 (Toney) - **FOUO** (UNCLASSIFIED)
   Sent:    Wed, 3 May 2006 21:53:10 -0400

was read on Thu, 4 May 2006 06:55:41 -0400



Classification: **UNCLASSIFIED**

Caveats: NONE



Classification: **UNCLASSIFIED**

Caveats: NONE

# EXHIBIT 2

**Raymond J.Toney**

| | |
|---|---|
| **From:** | "Goldsmith, David S Mr USARC G2/6" <David.S.Goldsmith@usar.army.mil> |
| **To:** | <rjtoney@rjtlaw.net> |
| **Cc:** | <wlee2630@bellsouth.net>; "McLean, Phyllis K Ms USARC G2/6" <Phyllis.McLean@usar.army.mil>; "Morales, Hector Mr USARC G2/6" <Hector.Morales1@usar.army.mil>; "Thomas, Robert L Mr USARC SJA" <Bob.Thomas3@usar.army.mil> |
| **Sent:** | Wednesday, April 12, 2006 2:57 PM |
| **Attach:** | USARC 15-6 of 29 March 06.pdf; Release.eml |
| **Subject:** | FW: FW: Release (UNCLASSIFIED) |

**Classification: UNCLASSIFIED**

**Caveats: NONE**

A closer examination of the report you requested reveals that it consists not of 2700 but rather 2751 pages, or 51 pages more than we previously indicated when requesting your willingness to pay statement as required by law. Having asked whether you agree to bear the cost for the 2600 pages over and above the 100 pages allowed at no charge, we will abide by our initial representation of the cost to you and waive the $7.65 that would have been required for the additional 51 pages. However, our rereading of your request makes it clear that you want not just the completed report proper but any documentation pertaining to the report, whether actually incorporated into it or not. Unless you withdraw your previous willingness to pay statement, we will continue to process the report itself for a releasability determination. We estimate the responsive documents that were not included in the actual AR 15-6 report, mainly administrative messages, notes, and documents collected by the investigator, to consist of some 10,800 additional pages. At the standard price for copies of 15 cents per page, these additional records would cost $1620.00 in addition to the $390.00 for the report itself for a total sum of $2010.00. To obtain all of the responsive records thus requires your willingness to pay statement in the amount of $2010.00. Should you prefer to decline this higher sum but let stand your willingness to pay statement for $390.00, we will process the 15-6 report but not the extrinsic records. Were you to withdraw your original willingness to pay statement, that would constitute the abandonment of your request for the report itself. For additional information or assistance, feel free to contact us at any time by e-mail response or at (404) 464-9359, and refer to case file 06-25.

**From:** Goldsmith, David S Mr USARC G2/6
**Sent:** Thursday, April 06, 2006 1:38 PM
**To:** 'rjtoney@rjtlaw.net'
**Cc:** McLean, Phyllis K Ms USARC G2/6; Morales, Hector Mr USARC G2/6; 'wlee2630@bellsouth.net'
**Subject:** FW: FW: Release (UNCLASSIFIED)

We received your request for Army records under the provisions of the Freedom of Information Act on April 6, 2006, and have already called for the record you requested. For convenient reference, a copy of the request has been attached above to the left, with copies of the release consent statement attached next, and willingness to pay statement contained in the preceding e-mail. For additional information or assistance, feel free to contact us at any time by e-mail response or at (404) 464-9359, and refer to case file 06-25.

```
-----Original Message-----
From: wlee2630@bellsouth.net [mailto:wlee2630@bellsouth.net]
Sent: Thursday, April 06, 2006 10:41 AM
```

To: Goldsmith, David S Mr USARC G2/6
Cc: McLean, Phyllis K Ms USARC G2/6; Morales, Hector Mr USARC G2/6;
rjtoney@rjtlaw.net; Thomas, Robert L Mr USARC SJA
Subject: Re: FW: Release (UNCLASSIFIED)


I am willing to pay the specified amount ($390.00).  William T. Lee
>
> From: "Goldsmith, David S Mr USARC G2/6" <David.S.Goldsmith@usar.army.mil>
> Date: 2006/03/31 Fri AM 10:19:06 EST
> To: <wlee2630@bellsouth.net>
> CC: "McLean, Phyllis K Ms USARC G2/6" <Phyllis.McLean@usar.army.mil>,
>     "Morales, Hector Mr USARC G2/6" <Hector.Morales1@usar.army.mil>,
>     <rjtoney@rjtlaw.net>,
>     "Thomas, Robert L Mr USARC SJA" <Bob.Thomas3@usar.army.mil>
> Subject: FW: Release (UNCLASSIFIED)
>
> This is to acknowledge receipt of your release consent statement on Mar
> 31, 2006, which will be applied to the record request that we received
> from Mr. Raymond J. Toney on Mar 30, 2006 for the report of
> investigation conducted under the provisions of AR 15-6, Procedures For
> Investigating Officers and Boards of Officers, by Major General Thomas
> J. Matthews.  Please note from our response to Mr. Toney attached above
> that a willingness to pay statement is required for a request under the
> Freedom of Information Act to acquire status under law.  Having
> conferred with the Headquarters, U.S. Army Reserve Command staff judge
> advocate, we have determined that the responsive record contains some
> 2700 pages.  We have attached a copy of DD Form 2086, Record of Freedom
> of Information (FOI) Processing Cost, which shows that the prescribed
> charge for copies after the first 100 is 15 cents each.  At this rate,
> the remaining 2600 pages would come to $390.00.  Provided this page
> count is accurate, a willingness to pay statement in the amount of
> $390.00 would avoid the need to request and await a second statement
> specifying a larger sum, which then would decide whether processing
> would terminate with the responsive matter accumulated up to that point
> or continue to completion.  Since your release consent statement
> establishes the relationship of trust between Mr. Toney and you, we will
> accept the willingness to pay statement from either party.  As soon as
> we receive the willingness to pay statement, we will initiate processing
> this request, to include assigning the request a case number of which
> Mr. Toney and you will immediately be advised.  Others Cc:'d are Freedom
> of Information Act or legal officials who must be kept informed
> concerning current records requests.  We thank you for this opportunity
> to be of service.
>
> -----Original Message-----
> From: wlee2630@bellsouth.net [mailto:wlee2630@bellsouth.net]
> Sent: Friday, March 31, 2006 8:16 AM
> To: Goldsmith, David S Mr USARC G2/6
> Cc: rjtoney@rjtlaw.net
> Subject: Release
> Importance: High
>
>
>
> Mr. Goldsmith:
>
>
>
> See attached.
>

```
>
>
> If you have difficulty opening it, right click on the target icon and
> "Save As" before opening.
>
>
>
> Todd Lee
```

Classification: **UNCLASSIFIED**

Caveats: NONE


Classification: **UNCLASSIFIED**

Caveats: NONE

# EXHIBIT 3

# REPORT OF PROCEEDINGS BY INVESTIGATING OFFICER/BOARD OF OFFICERS
For use of this form, see AR 15-6; the proponent agency is OTJAG.

*IF MORE SPACE IS REQUIRED IN FILLING OUT ANY PORTION OF THIS FORM, ATTACH ADDITIONAL SHEETS*

## SECTION I - APPOINTMENT

Appointed by    LTG James R. Helmly, Commanding General, US Army Reserve Command
*(Appointing authority)*

on _____ 30 June 2005 _____  *(Attach inclosure 1: Letter of appointment or summary of oral appointment data.) (See para 3-15, AR 15-6.)*
*(Date)*

## SECTION II - SESSIONS

The *(investigation)* ~~(board)~~ commenced at    Fort McPherson, GA,    at    0800
*(Place)*    *(Time)*

on _____ 11 July 2005 _____  *(If a formal board met for more than one session, check here ☐. Indicate in an inclosure the time each session began and*
*(Date)*    ~~ended, the place, persons present and absent, and explanation of absences, if any.) The following persons (members, respondents, counsel) were~~
~~present: (After each name, indicate capacity, e.g., President, Recorder, Member, Legal Advisor.)~~

~~The following persons (members, respondents, counsel) were absent: (Include brief explanation of each absence.) (See paras 5-2 and 5-8a, AR 15-6.)~~

The *(investigating officer)* ~~(board)~~ finished gathering/hearing evidence at _____ 1700 _____ on _____ 26 February 2006 _____
*(Time)*    *(Date)*

and completed findings and recommendations at _____ 1700 _____ on _____ 26 February 2006 _____
*(Time)*    *(Date)*

## SECTION III - CHECKLIST FOR PROCEEDINGS

| A. COMPLETE IN ALL CASES | YES | NO[1] | NA[2] |
|---|:---:|:---:|:---:|
| 1  Inclosures *(para 3-15, AR 15-6)* | | | |
| Are the following inclosed and numbered consecutively with Roman numerals: *(Attached in order listed)* | | | |
| a. The letter of appointment or a summary of oral appointment data? | X | | |
| b. Copy of notice to respondent, if any? *(See item 9, below)* | | | X |
| c. Other correspondence with respondent or counsel, if any? | | | X |
| d. All other written communications to or from the appointing authority? | X | | |
| e. Privacy Act Statements *(Certificate, if statement provided orally)?* | | | X |
| f. Explanation by the investigating officer or board of any unusual delays, difficulties, irregularities, or other problems encountered *(e.g., absence of material witnesses)?* | X | | |
| g. Information as to sessions of a formal board not included on page 1 of this report? | | | X |
| h. Any other significant papers *(other than evidence)* relating to administrative aspects of the investigation or board? | X | | |

*FOOTNOTES:*  1] *Explain all negative answers on an attached sheet.*
2] *Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.*

**DA FORM 1574, MAR 83**    EDITION OF NOV 77 IS OBSOLETE.    *Page 1 of 4 pages*    USAPA V1.20

| | | YES | NO[1] | NA[2] |
|---|---|---|---|---|
| | Exhibits *(para 3-16, AR 15-6)* | | | |
| a. | Are all items offered *(whether or not received)* or considered as evidence individually numbered or lettered as exhibits and attached to this report? | X | | |
| b. | Is an index of all exhibits offered to or considered by investigating officer or board attached before the first exhibit? | X | | |
| | Has the testimony/statement of each witness been recorded verbatim or been reduced to written form and attached as an exhibit? | X | | |
| d. | Are copies, descriptions, or depictions *(if substituted for real or documentary evidence)* properly authenticated and is the location of the original evidence indicated? | | | X |
| e. | Are descriptions or diagrams included of locations visited by the investigating officer or board *(para 3-6b, AR 15-6)?* | X | | |
| f. | Is each written stipulation attached as an exhibit and is each oral stipulation either reduced to writing and made an exhibit or recorded in a verbatim record? | | | X |
| g. | If official notice of any matter was taken over the objection of a respondent or counsel, is a statement of the matter of which official notice was taken attached as an exhibit *(para 3-16d, AR 15-6)?* | | | X |
| 3 | Was a quorum present when the board voted on findings and recommendations *(paras 4-1 and 5-2b, AR 15-6)?* | | | X |
| **B.** | **COMPLETE ONLY FOR FORMAL BOARD PROCEEDINGS** *(Chapter 5, AR 15-6)* | | | |
| 4 | At the initial session, did the recorder read, or determine that all participants had read, the letter of appointment *(para 5-3b, AR 15-6)?* | | | |
| 5 | Was a quorum present at every session of the board *(para 5-2b, AR 15-6)?* | | | |
| 6 | Was each absence of any member properly excused *(para 5-2a, AR 15-6)?* | | | |
| 7 | Were members, witnesses, reporter, and interpreter sworn, if required *(para 3-1, AR 15-6)?* | | | |
| 8 | If any members who voted on findings or recommendations were not present when the board received some evidence, does the inclosure describe how they familiarized themselves with that evidence *(para 5-2d, AR 15-6)?* | | | |
| **C.** | **COMPLETE ONLY IF RESPONDENT WAS DESIGNATED** *(Section II, Chapter 5, AR 15-6)* | | | |
| 9 | Notice to respondents *(para 5-5, AR 15-6):* | | | |
| a. | Is the method and date of delivery to the respondent indicated on each letter of notification? | | | |
| b. | Was the date of delivery at least five working days prior to the first session of the board? | | | |
| c. | Does each letter of notification indicate — | | | |
| | (1) the date, hour, and place of the first session of the board concerning that respondent? | | | |
| | (2) the matter to be investigated, including specific allegations against the respondent, if any? | | | |
| | (3) the respondent's rights with regard to counsel? | | | |
| | (4) the name and address of each witness expected to be called by the recorder? | | | |
| | (5) the respondent's rights to be present, present evidence, and call witnesses? | | | |
| | Was the respondent provided a copy of all unclassified documents in the case file? | | | |
| | If there were relevant classified materials, were the respondent and his counsel given access and an opportunity to examine them? | | | |
| 10 | If any respondent was designated after the proceedings began *(or otherwise was absent during part of the proceedings):* | | | |
| a. | Was he properly notified *(para 5-5, AR 15-6)?* | | | |
| b. | Was record of proceedings and evidence received in his absence made available for examination by him and his counsel *(para 5-4c, AR 15-6)?* | | | |
| 11 | Counsel *(para 5-6, AR 15-6):* | | | |
| a. | Was each respondent represented by counsel? | | | |
| | Name and business address of counsel: | | | |
| | *(If counsel is a lawyer, check here ☐ )* | | | |
| b. | Was respondent's counsel present at all open sessions of the board relating to that respondent? | | | |
| c. | If military counsel was requested but not made available, is a copy *(or, if oral, a summary)* of the request and the action taken on it included in the report *(para 5-6b, AR 15-6)?* | | | |
| 12 | If the respondent challenged the legal advisor or any voting member for lack of impartiality *(para 5-7, AR 15-6):* | | | |
| a. | Was the challenge properly denied and by the appropriate officer? | | | |
| b. | Did each member successfully challenged cease to participate in the proceedings? | | | |
| 13 | Was the respondent given an opportunity to *(para 5-8a, AR 15-6):* | | | |
| a. | Be present with his counsel at all open sessions of the board which deal with any matter which concerns that respondent? | | | |
| b. | Examine and object to the introduction of real and documentary evidence, including written statements? | | | |
| c. | Object to the testimony of witnesses and cross-examine witnesses other than his own? | | | |
| d. | Call witnesses and otherwise introduce evidence? | | | |
| e. | Testify as a witness? | | | |
| f. | Make or have his counsel make a final statement or argument *(para 5-9, AR 15-6)?* | | | |
| 14 | If requested, did the recorder assist the respondent in obtaining evidence in possession of the Government and in arranging for the presence of witnesses *(para 5-8b, AR 15-6)?* | | | |
| 15 | Are all of the respondent's requests and objections which were denied indicated in the report of proceedings or in an inclosure or exhibit to it *(para 5-11, AR 15-6)?* | | | |

NOTES:   1] Explain all negative answers on an attached sheet.
2] Use of the N/A column constitutes a positive representation that the circumstances described in the question did not occur in this investigation or board.

USAPA V1.20

**SECTION IV - FINDINGS** *(para 3-10, AR 15-6)*

The *(investigating officer)* *(board)*, having carefully considered the evidence, finds:

See Attached Narrative Report

**SECTION V - RECOMMENDATIONS** *(para 3-11, AR 15-6)*

In view of the above findings, the *(investigating officer)* *(board)* recommends:

See Attached Narrative Report

## SECTION VI - AUTHENTICATION  (para 3-17, AR 15-6)

THIS REPORT OF PROCEEDINGS IS COMPLETE AND ACCURATE. *(If any voting member or the recorder fails to sign here or in Section VII below, indicate the reason in the space where his signature should appear.)*

| | |
|---|---|
| _____ | _____ |
| (Recorder) | (Investigating Officer) (President) |
| _____ | _____ |
| (Member) | (Member) |
| _____ | _____ |
| (Member) | (Member) |

## SECTION VII - MINORITY REPORT  (para 3-13, AR 15-6)

To the extent indicated in Inclosure _____ , the undersigned do(es) not concur in the findings and recommendations of the board. *(In the inclosure, identify by number each finding and/or recommendation in which the dissenting member(s) do(es) not concur. State the reasons for disagreement. Additional/substitute findings and/or recommendations may be included in the inclosure.)*

| | |
|---|---|
| _____ | _____ |
| (Member) | (Member) |

## SECTION VIII - ACTION BY APPOINTING AUTHORITY  (para 2-3, AR 15-6)

findings and recommendations of the  *(investigating officer) (board)*  are  *(approved)* ~~*(disapproved)*~~ *(approved with following exceptions/ stitutions). (If the appointing authority returns the proceedings to the investigating officer or board for further proceedings or corrective action, attach that correspondence (or a summary, if oral) as a numbered inclosure.)*

All findings and recommendation are approved and ordered to be implemented. Jft the Internal Reviews determine adequacy of financial management controls.

JAMES R. HELMLY
Lieutenant General, USA
Commanding

3/18/06

# Executive Summary

On 30 June 2005, LTG James R. Helmly, Commanding General, USARC, appointed MG Thomas J. Matthews, IO, and COL George Culpepper, AIO, under the provisions of AR 15-6 to examine certain aspects of the organization and operations of ESA. Subsequent to the letter of appointment, SSG Haile Leaks was assigned to provide paralegal support the investigation. Mr. Wayne Trador from the Army G6 provided technical support to the investigation.

The informal investigation specifically reviewed ESA's management controls, business processes, financial management practices, and management of contracts as well as its compliance with applicable laws, policy and regulatory guidance. The investigation also considered the size, structure, and organization of the ESA and the impact of the same on its efficiency and effectiveness. The AR 15-6 team was tasked to make recommendations for an efficient ESA organization operating with sound business practices. The IO also was tasked to consider possible cost overruns of approximately $35 million on ESA contracts. No respondent was designated in the investigation. The appointment letter included a list of 30 additional issues to be considered as part of the investigation (Exhibit 1) (hereinafter all references to exhibits will reflect exhibit and page numbers; e.g., "Ex. 10, p. 23").

The scope and complexity of the investigation expanded significantly between 1 July 2005 and 1 August 2005 as a result of allegations made by ESA employees and contractors to the IO, Congressional and Senate staffers, GSA IG, USARC IR, and USARC G8. More than 50 formal and informal interviews were conducted during the course of the investigation.

The initial challenge facing the investigating team was to identify the necessary tasks and coordinate efforts of individuals and groups identified below. Figure 1 identifies the tasks, issues, and personnel in the investigation and the responsible individual/group in the outcome(s). In reviewing the report, the natural tendency will be to focus on the millions of dollars associated with waste, mismanagement and lost opportunities. The negative impacts on the ESA employees, contractor/supplier relationships, and the money usurped from fiscally-responsible managers and organizations to cover the ESA shortfalls are equally important. In accordance with the letter of appointment, included within the report will be recommendations for a more efficient ESA organization to promote sound business practices. However, it must be noted that even a perfect organizational design would not have survived the ineptitude and mismanagement of the ESA leadership (prior to 1 October 2005).

## PERSONNEL MANAGEMENT

exist in the ESA. (Ex. 26) It is very suspicious that three months into the investigation, MAJ Allee presented a wiring diagram with the title Program Integrator (Ex. 13 p. 14). A footnote with the chart indicated that Program Integrator was a role and not a position. MAJ Allee was asked by the IO to provide information on who developed the chart and when it was created, but MAJ Allee never responded. The Manpower Survey team had never seen the chart. It is clear that the employees of ESA recognized Mr. Lee as the Deputy and number two in charge of the organization (Ex. 71). Mr. Lee did nothing to dispel that perception by the employees.

## FINDING TWELVE:

**There is little confidence in past leadership. There is a perception that it is useless to identify problems or issues because nothing is done. There is a perception that the leadership is "protected." The work environment is not conducive to a creative and forward-thinking IT organization.**

At the start of this investigation, witnesses expressed reluctance to talk about issues at the ESA. Several witnesses identified that they have spent time sharing concerns about issues at ESA but nothing was done. Several witnesses identified that issues were shared during the IG Sensing Survey but nothing was done.

The IG Sensing Survey provides an excellent summary of the issues, the leadership climate and the work environment within ESA.

## FINDING THIRTEEN:

**Hiring practices and credential verification have been detrimental to the success and good order of ESA.**

ESA employees were aware that Mr. Taylor did not possess a PhD. Mr. Lee's lack of technical expertise limited his value in critical decisions -- e.g., COOP selection, Telecom contracting and the Data Center.

Excerpt from Eva Williams Statement:

*There was a vacant GS-13 position who would work for Ms. Annie Mills; she was to be the selecting official. I did a recruit/fill and we received a candidate listing. Ms. June Shedrick (Black female) was considered to be the top candidate and was selected by Ms. Mills. Mr. Taylor has final say on all selected personnel and told Ms. Mills and me not to select her. He did not feel that she had the credentials and "it would not look right". Mr. Jesus Andino the second candidate was offered the job and he accepted. All the other directorates within the USARC HQS hire from within when the candidates are qualified except ESA. Well, we do it for the selected few. -- I advertised the vacant GS-14, Supervisory, Security Specialist position. The position was vacated on 3 January 2005. The candidate list was received and Mr. Lee looked at it and said no one was acceptable. He was looking for Mr. Chris Schuler's (ESA-IA contractor) name and it was not listed. Mr. Lee had me in his office while he had a telephone conservation with Ms. Deborah Arguello, from Rock Island, Illinois. He told her that the correct names were*

# EXHIBIT 4

THE LAW OFFICE
OF RAYMOND J. TONEY

## URGENT ATTENTION REQUIRED

3 May 2006

MG Jack Stulz
Deputy Commanding General
Headquarters, United States Army Reserve Command
1401 Deshler Street, SW
Fort McPherson, GA 30330-2000

Subject: Proposed Removal of William Todd Lee

Dear MG Stulz,

I represent William Todd Lee in the matter of his employment with the Department of the Army. By letter dated 28 April 2006, BG Anderson informed Mr. Lee of his intention to remove him from federal service. Mr. Lee received the letter today via Certified Mail. The letter affords Mr. Lee a 10-day period in which to respond to the allegations against him.

The allegations against Mr. Lee are based largely on information generated by MG Thomas Matthews during the course of the AR 15-6 investigation of Enterprise Services Activity, now a division. I have been informed by the Freedom of Information Act officer that the report of investigation and related documents number in the thousands of pages. We also have requested, under the Privacy Act and the Freedom of Information Act, thousands more pages of documents generated by Internal Review and G-8 investigations of the financial disaster ESA experienced from June 2005.

In light of the gravity of the proposed course of action against Mr. Lee and the voluminous documents that Mr. Lee and I must review in preparation of his defense, I respectfully request that you grant us an additional 60 days in which to submit to you a written response. Any amount of time less than the proposed 60 days would place Mr. Lee at a gross disadvantage and jeopardize his right to due process under the law.

Mr. Lee has been on paid administrative leave for some eight months. The granting of our requested extension will not impose any hardship on the USAR. If you have any questions or require additional information, please contact me immediately. Please note that my fax number has changed. It is now 718-504-4735.

Respectfully submitted,

Raymond J. Toney
Attorney and Counselor at Law

34-16 30th Avenue
Third Floor
Astoria New York 11103
T+F 718 726 3656
www.rjtlaw.net
rjtoney@rjtlaw.net



THE LAW OFFICE
OF RAYMOND J. TONEY

## URGENT ATTENTION REQUIRED

5 May 2006

MG Jack Stultz
Deputy Commanding General
Headquarters, United States Army Reserve Command
1401 Deshler Street, SW
Fort McPherson, GA 30330-2000

Subject: Proposed Removal of William Todd Lee

Dear MG Stulz,

I represent William Todd Lee, Colonel (ret), USA, GS-15, in the matter of his employment with the Department of the Army. By letter dated 28 April 2006, BG Anderson informed Mr. Lee of his intention to remove him from federal service. I previously requested a 60 day response period for Mr. Lee, as opposed to the 10 day period first designated by BG Anderson. My request to you of 3 May 2006 apparently was passed to Mr. Andrew Stewart for consideration. He granted an additional five days. This is wholly unacceptable.

First, Sir, you do not need Mr. Stewart's permission to grant an extension of time. Nor do you need that of BG Anderson. You are a Major General and the Deputy Commanding General of USARC.

Second, it is your responsibility to ensure that the interests of fairness and justice are served. Yesterday Mr. Lee was provided with the information on which his proposed termination is based. It consists of thousands of pages of documents contained in 5 three-ring binders. Mr. Lee must have a reasonable opportunity to review these documents and prepare a response. Fifteen days is grossly inadequate for this task. I received the documents this morning. Never in my career have I seen such sandbagging on the part of the Department of the Army.

Third, Mr. Stewart, to the best of my knowledge, is hardly a disinterested party. He is, to the best of my knowledge, advising LTG Helmly and BG Anderson on this matter. He no doubt supported, if not recommended, Mr. Lee's proposed termination from federal service. It works to his great advantage, then, to prevent Mr. Lee from enjoying time sufficient to prepare an appropriate response.

34-16 30th Avenue
Third Floor
Astoria New York 11103
T+F 718 726 3656
www.rjtlaw.net
rjtoney@rjtlaw.net

I am bringing this matter to the attention of high authorities. I cannot standby and allow LTG Helmly, BG Anderson, and Mr. Stewart to mock the very concept of fairness, and to the great detriment of my client.

Respectfully submitted,

Raymond J. Toney
Attorney and Counselor at Law

Copies to:     Assistant Secretary of the Army for
               Manpower and Reserve Affairs

               Senator Saxby Chambliss
               Mr. William Todd Lee

THE LAW OFFICE
OF RAYMOND J. TONEY

## URGENT ATTENTION REQUIRED

10 May 2006

MG Jack Stultz
Deputy Commanding General
Headquarters, United States Army Reserve Command
1401 Deshler Street, SW
Fort McPherson, GA 30330-2000

Subject: Proposed Removal of William Todd Lee

Dear MG Stultz,

I represent William Todd Lee, Colonel (ret), USA, GS-15, in the matter of his employment with the Department of the Army. By letter dated 8 May 2006, Mr. Stewart informed me of your decision to deny Mr. Lee an extension of time in order to prepare his response to his proposed removal from federal service. In the same letter, Mr. Stewart also informed me of the decision, whether his or yours, to deny Mr. Lee access to documents and information to which he is lawfully entitled.

I have conducted additional review of the 15-6 ROI materials, though my review is by no means complete. I now believe that even 60 days is inadequate time to prepare a response. Our request is now for 90 days from the date of issuance of the proposed removal. If our request for an extension of time is denied and our request for documents is not complied with, I will advise Mr. Lee to file suit for injunctive relief in the United States District Court under 5 U.S.C. Section 7513 and 28 U.S.C. Section 1331. This action involves Mr. Lee's rights under the Fifth Amendment to the U.S. Constitution.

Sir, I implore you to do what unquestionably is the right thing in this matter. Please understand that my requests and actions are not personal to you, Mr. Stewart, or anyone else. I have a legal duty to zealously represent Mr. Lee and I simply am performing that duty. And as I stated to Mr. Stewart during the EEO Fact Finding Conference on 27 April 2006, Mr. Lee is willing to discuss settlement of his employment situation and the various legal actions he is taking against the Army Reserve.

Respectfully submitted,

Raymond J. Toney
Attorney and Counselor at Law

Copies to: ASA; Sen. Chambliss; William Todd Lee

34-16 30th Avenue
Third Floor
Astoria New York 11103
T+F 718 726 3656
www.rjtlaw.net
rjtoney@rjtlaw.net

# EXHIBIT 5

THE LAW OFFICE
OF RAYMOND J. TONEY

8 May 2006

MG Jack Stultz
Deputy Commander
US Army Reserve Command
Ft. McPherson, GA 30330

**VIA FACSIMILE TRANSMISSION TO 404-464-8029**

Dear General Stultz,

I represent William Todd Lee in the matter of his employment with the Department of the Army. On 4 May 2006, the Army provided Mr. Lee with a copy of the AR 15-6 Report of Investigation prepared by MG Thomas Matthews. This report, and the information contained therein, provides the basis for the removal of Mr. Lee from federal employment.

I have conducted a preliminary review of the Findings and Recommendations section of the ROI. I have identified numerous documents that are referenced and relied on in the ROI, and which are relevant to Mr. Lee's defense. I respectfully request that the materials identified below be provided to Mr. Lee most expeditiously. Further, detailed review of the ROI likely will identify other documents/information that Mr. Lee requires to prepare his defense.

The documents I request are:

(1) Copies of the tapes of <u>all recorded interviews,</u> including Mr. Lee's, or transcripts certified as true and correct of all recorded interviews. Only two interview transcripts are provided in the ROI, neither of which is certified as true and correct;
(2) Notes, records, summations, *etc.* of <u>all non-recorded interviews</u> (MG Matthews identifies some 50 interviews, recorded and unrecorded);
(3) Regarding ROI Finding Twelve, Tab L, please identify the individuals referenced and references to their statements in the record, if any, and all written notes or other documentation concerning the alleged statements;
(4) IG Sensing Survey;
(5) Letter and Subsequent Addendum of Mr. Walker of A&T Systems, regarding alleged waste, fraud, and abuse;
(6) Records of the Investigating Officer's meeting with Mr. Walker (3.5 hours);
(7) Records of the Investigating Officer's meetings and discussions with CID;
(8) All documents generated in the course of the investigation not included in the ROI;

34-16 30th Avenue
Third Floor
Astoria New York 11103
T+F 718 726 3656
www.rjtlaw.net
rjtoney@rjtlaw.net

(9) All documents pertaining to the G-8 Weekly Status of Funds reports on ESA (referenced p. 6, Tab B);
(10) All documents generated by the Internal Review and G-8 investigations referenced at various points in the ROI;
(11) A copy of the ROI on CD-ROM (PDF format).

I also wish to take this opportunity to request a personal meeting with you prior to the issuance of any decision in this matter. The meeting also would be attended by Mr. Lee. Given the magnitude of the proposed action and the extraordinary potential consequences for the Army and Mr. Lee, I believe this to be necessary to ensure fairness in this matter. Your cooperation is greatly appreciated.

In regard to Mr. Lee's request for 60 days in which to respond to the proposed termination, I note that MG Matthews took some nine months to complete his investigation. It simply is unconscionable to demand that Mr. Lee respond within 15 days.

Finally, I have enclosed for your consideration a copy of a lawsuit brought by Mr. Lee against the Department of the Army. The lawsuit will be docketed in the United States District Court for the District of Columbia on 10 May 2006. The lawsuit addresses the previous 15-6 investigation into Mr. Lee's employment initiated by LTG Helmly. That investigation is discussed adversely to Mr. Lee in the ROI by MG Mathews. The investigation also is referenced by BG Anderson as partial grounds for the current proposed adverse action against Mr. Lee. I believe the facts, affidavits, and other information contained therein are worthy of your personal attention. To the best of my knowledge, Mr. Andrew Stewart served as legal advisor for the previous proposed adverse action.

Sir, please contact me immediately with any questions or concerns.

Respectfully submitted,

Raymond J. Toney
Attorney and Counselor at Law


Copy to: William Todd Lee

2

# EXHIBIT 6



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY RESERVE COMMAND
1401 DESHLER STREET SW
FORT MCPHERSON, GA 30330-2000

REPLY TO
ATTENTION OF:                    May 4, 2006

Office of the Staff Judge Advocate


Mr. Raymond Toney
34-16 30th Ave
Third Floor
Astoria, NY 11103


Dear Mr. Toney:

Major General Stultz has received your facsimile message reference: Proposed Removal for William Todd Lee, dated May 3, 2006. Major General Stultz can not honor your request to extend the reply period for another sixty days; however, he will extend the reply period by five days allowing you a total of fifteen days to respond. The response will be due no later than May 18, 2006.

For your information, a complete copy of the AR 15-6 investigation was delivered to Mr. Lee this morning. It includes the reports of the Internal Review and G-8 investigations.

If you have any questions, you may contact me at (404)464-8046 or email andrew.stewart1@usar.army.mil.

Sincerely,

Andrew D. Stewart
Chief, Labor and Employment Law



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY RESERVE COMMAND
1401 DESHLER STREET SW
FORT MCPHERSON, GA 30330-2000

REPLY TO
ATTENTION OF:                    May 8, 2006

Office of the Staff Judge Advocate


Mr. Raymond Toney
34-16 30th Ave
Third Floor
Astoria, NY 11103

Dear Mr. Toney:

    Major General Stultz has received your facsimile messages dated May 5 and 6, 2006. I can assure you that I have discussed your requests with MG Stultz and that he has personally made the decisions concerning your requests.

    MG Stultz will not further extend your period of time to reply. The deadline remains May 18. 5 USC §7513 requires a minimum of seven days and we began with ten days and extended it to fifteen days. That period of time is reasonable particularly considering your client does not have to perform any duties during the reply period and can devote himself to assisting you.

    You may appear with Mr. Lee to present your response to the proposal. You are scheduled for 10:30 AM on May 18, 2006, in MG Stultz' office. You will have 30 minutes.

    Our procedure only requires that you be provided that materials relied upon in making the proposed discipline decision. The AR 15-6 investigation was the only information relied upon. That has been provided to you. You are not entitled to any further discovery at this point in the procedure. For your information, though, only two interviews were recorded. You have the transcripts of those interviews. The entire report of investigation by Internal Review and G8 are included in the 15-6. You are not entitled to a copy of the investigation in the format of your choosing. If you wish to get an electronic version, your client can convert the paper files in his possession..

    If you have any questions, you may contact me at (404)464-8046 or email andrew.stewart1@usar.army.mil.

                         Sincerely,

                         Andrew D. Stewart
                         Chief, Labor and Employment Law



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, UNITED STATES ARMY RESERVE COMMAND
1401 DESHLER STREET SW
FORT MCPHERSON, GA 30330-2000

REPLY TO
ATTENTION OF:

May 11, 2006

Office of the Staff Judge Advocate

Mr. Raymond Toney
34-16 30th Ave
Third Floor
Astoria, NY 11103

Dear Mr. Toney:

Major General Stultz has received your facsimile message dated May 10, 2006. I can assure you that I have discussed your requests with MG Stultz and that he has personally made the decisions concerning your requests.

MG Stultz will not further extend your period of time to reply. The deadline remains May 18. 5 USC §7513 requires a minimum of seven days and we began with ten days and extended it to fifteen days. That period of time is reasonable particularly considering your client does not have to perform any duties during the reply period and can devote himself to assisting you.

You may appear with Mr. Lee to present your response to the proposal. You are scheduled for 10:30 AM on May 18, 2006, in MG Stultz' office. You will have 30 minutes.

Our procedure only requires that you be provided that materials relied upon in making the proposed discipline decision. The AR 15-6 investigation was the only information relied upon. That has been provided to you. You are not entitled to any additional documents.

If you have any questions, you may contact me at (404)464-8046 or email andrew.stewart1@usar.army.mil.

Sincerely,

Andrew D. Stewart
Chief, Labor and Employment Law